```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
E.L.A.,

        Plaintiff,

     - against -

ABBOTT HOUSE, ARISTA CENTER FOR
PSYCHOTHERAPY, INC., CITY OF NEW
YORK, et al.,

        Defendants.
-----------------------------------------------------------------x

16 Civ. 1688 (RMB)

**DECISION AND ORDER**

## I. Background

On December 14, 2016, E.L.A. ("Plaintiff") filed a second amended complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), New York State tort law, and New York Social Services Law §§ 413 et seq. against Abbott House and its current and former employees Claude B. Meyers, Joyce Sayre-Kelly, Jermaine Armstead, Yusef Graves, Stacy Weshifesky, and Roslyn Murov, M.D. (collectively, the "Abbott House Defendants"). Plaintiff also sued the Arista Center for Psychotherapy, Inc. ("Arista") and its current and former employees Jacqui Israel and Richard Navon, M.D. (collectively, the "Arista Defendants"); and the City of New York (the "City") and its current and former employees William Bell, John Mattingly, Eric Lipps, and Vanessia Gaskin (collectively, the "City Defendants," and together with the Abbott House Defendants and the Arista Defendants, "Defendants"). See Second Amended Complaint, dated December 8, 2016 ("Complaint").

Plaintiff alleges that in or about 1997, when Plaintiff was less than 2-years-old, the City Defendants involuntarily removed her "from the care of her biological parents

1

because of concerns about abuse and neglect." Id. ¶¶ 22-25, 260 (emphasis omitted). Plaintiff was placed in foster care. Id. ¶ 1. Abbott House, a private corporation which operates foster boarding homes for children, in or about 1997 placed Plaintiff in the foster boarding home of Linda Smalls ("Smalls Foster Home"). Id. ¶¶ 29, 39. Plaintiff remained in the Smalls Foster Home until 2010. See id. ¶ 39. During her time at the Smalls Foster Home, Plaintiff "suffered serious physical injuries and emotional injuries and sexual abuse. The Plaintiff's injuries were caused by [the] improper investigation [of the Smalls Foster Home] and [the] certification of [the] foster home without doing an adequate background check . . . ." Id. ¶ 1. The "City Defendants and Abbott House Defendants knew of [] allegations of assaultive behavior and maltreatment in the Smalls' foster home," id. ¶ 344 (emphasis omitted), but "Abbott House continued to license and annually recertify the Smalls' foster home with the City's consent." Id. ¶ 345 (emphasis omitted).

Plaintiff further alleges that while she was living in the Smalls Foster Home, she received "psychological and[/]or psychiatric treatment" at Arista. See id. ¶ 483; see also id. ¶¶ 1, 186. Arista "contract[s] with Abbott House and the City of New York to provide therapeutic services for foster children[,] including the Plaintiff." Id. ¶ 19. Plaintiff's "therapy took place [] for the first time in late June 2003 through November 2003." Id. ¶ 186. Plaintiff underwent additional therapy "in 2005-2007 and again in 2009." Id. In treating Plaintiff, the Arista Defendants are alleged to have "fail[ed] to follow professional standards." Id. ¶ 1. And, while the Arista Defendants were treating Plaintiff, they allegedly learned that Plaintiff was being abused. See, e.g., id. ¶¶ 189, 397, 469. For example, during a therapy session on September 23, 2003, Plaintiff revealed that "her

2

foster parent [had] hit her with a Venetian blind stick." Id. ¶ 397. The Arista Defendants "fail[ed] to report the harm Plaintiff reported to them to an outside agency for independent investigation." Id. ¶ 1.

Plaintiff asserts claims against Defendants under Section 1983 for the violation of her "rights [] under the First, Fourth, Fifth and Fourteenth Amendments." Id. Plaintiff also asserts state law claims against Defendants for negligence and/or for breach of a "special duty" to protect Plaintiff from harm. See id. ¶¶ 375-480. And, Plaintiff asserts claims against the Arista Defendants for malpractice and for failure to comply with their duties as mandated reporters of child abuse under New York Social Services Law §§ 413 et seq. See Complaint ¶¶ 247, 481-98.

On May 31, 2017, the Abbott House Defendants and the Arista Defendants filed a motion to dismiss all claims asserted against them pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as Section 3012-a of the New York Civil Practice Law and Rules. Plaintiffs contend, among other things, that: **(1)** "Plaintiff's Section 1983 claims should be dismissed because the Abbott House and Arista Defendants are not state actors," Defs. Mem. of Law in Supp. of Their Mot. to Dismiss, dated May 31, 2017 ("Defs. Mem."), at 11 (emphasis omitted); **(2)** "the Court should exercise its discretion by declining supplemental jurisdiction over Plaintiff's [] state law claims" because "no substantial judicial resources have been expended on the state law claims thus far and adjudicating them would only serve to delay the remaining federal claims," id. at 27; **(3)** Plaintiff has failed to state a cause of action against the Arista Defendants premised upon their alleged failure to report child abuse because "[P]laintiff has [] failed to allege that the Arista Defendants 'knowingly and willfully'

3

failed to comply with the requirements of NY Social Services Law 413[](1)," id. at 24 (emphasis omitted); **(4)** "The requirement that a complaint in [a] medical malpractice action [i.e. Plaintiff's claim against the Arista Defendants] be accompanied by [a] certificate of merit . . . applies in a federal diversity action. Accordingly, the failure to submit a certificate of merit, or present reasons that would excuse the submission, warrants dismissal of the medical malpractice claim against the Arista Defendants," id. at 26 (citations and emphasis omitted);[1] **(5)** "plaintiff fails to state a cause of action against [Abbott House CEO] Claude B. Meyers or [Abbott House supervising psychologist] Dr. [Roslyn] Murov" because "plaintiff never specifies the duty either [] Meyers or Dr. Murov allegedly owed to the plaintiff, or how that duty was breached," id. at 20 (emphasis omitted); and **(6)** "Plaintiff's claims against Jermaine Armstead[, a caseworker, case planner, and case manager with Abbott House, see Complaint ¶ 7,] and [Vanessia] Gaskin[, a caseworker with the Administration for Children's Services, see id. ¶ 18] should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process . . . ." Defs. Mem. at 27.[2]

On June 29, 2017, Plaintiff filed an opposition to Defendants' motion to dismiss, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, dated June 28, 2017 ("Pl. Opp'n"), as follows: **(1)** "Second Circuit precedent establishes that Abbott House is a

---

[1] Under N.Y. C.P.L.R. § 3012-a, a certificate of merit accompanying the complaint in a medical malpractice action declares that the plaintiff's attorney has consulted with a licensed physician and has concluded that there is a reasonable basis for the action.

[2] Defendant Gaskin has not joined the motion to dismiss and, indeed, she has not yet appeared in this action. At a status conference on April 5, 2017, the Court instructed counsel for the City Defendants to explain in the motion to dismiss whether Defendant Gaskin had been properly served. See Tr. of Proceedings, dated Apr. 5, 2017, at 12-14. Counsel for the City Defendants "[j]oin[ed] the motion [to dismiss] only as it pertains to . . . Defendant Vanessia Gaskin." Defs. Mem. at 33 (emphasis omitted).

4

state actor under Section 1983." Pl. Opp'n at 6 (citing Perez v. Sugarman, 499 F.2d 761 (2d Cir. 1974) and Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977)). And, according to Plaintiff, because Arista and Abbott House were "jointly operating entities [which] worked in combination with each other," Arista is also a state actor "[] as a matter of law," id. at 9 (emphasis omitted); **(2)** Plaintiff does not appear to respond to Defendants' argument concerning supplemental jurisdiction; **(3)** the "Complaint is sufficient to state a claim pursuant to New York Social Services Law [] Section 413," id. at 14; **(4)** the "Arista Defendants['] claim that Plaintiff's complaint requires a . . . certificate of merit is an error of law." Id. at 17. However, if such a certificate is required to bring a medical malpractice claim, Plaintiff "seek[s] leave to amend to add the certificate," id. at 18; **(5)** "Plaintiff has ple[d] factual content that allows the court to draw the reasonable inference that the defendants Claude B. Meyers" and "Dr. Roslyn Murov . . . are each liable for the misconduct alleged," id. at 10; and **(6)** "Abbott House Defendant Jermaine Armstead and City Defendant Vanessia Gaskin were properly served . . . . under NY CPLR 308(4) and pursuant to Fed. R. Civ. P. 4(e)(2)[(C)]." Id. at 18 (emphasis omitted).

On July 21, 2017, the Abbott House Defendants and the Arista Defendants filed a reply to Plaintiff's opposition. See Defs. Rep. Mem. of Law in Supp. of Their Mot. to Dismiss, dated July 21, 2017 ("Defs. Rep.").

**For the reasons set forth below, the Abbott House Defendants and the Arista Defendants' motion to dismiss is granted in part and denied in part.[3]**

---

[3] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

5

## II.    Legal Standard

"The relevant question is not simply whether a private group is serving a 'public function.' We have held that the question is whether the function performed has been traditionally the *exclusive* prerogative of the State." Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) (internal quotation marks omitted).

"It is appropriate to exercise supplemental jurisdiction over [] state law claims [where] the facts underlying the remaining federal and the state claims substantially overlap and the federal claims necessarily bring the facts underlying the state claims before the Court." CB v. St. Vincent's Services, Inc., No. 16 Civ. 2282, Slip Op. at 9 (S.D.N.Y. Mar. 19, 2018).

"[T]he failure to submit [a] certificate of merit, or present reasons that would excuse the submission, [] warrants dismissal of [a] medical malpractice claim. . . . without prejudice." Crowhurst v. Szczucki, 2017 WL 519262, at *3 (S.D.N.Y. Feb. 8, 2017).

"The pleader is entitled to considerable latitude regarding the mode of stating a claim for relief, provided the pleading gives reasonable notice of the claims that are being asserted." Charles Alan Wright et al., Federal Practice and Procedure § 1216 (4th ed. 2012).

N.Y. C.P.L.R. § 308(4) "permits 'nail and mail' service in cases where the process-server 'with due diligence' is unable to effect service under the C.P.L.R.'s other prongs." Sartor v. Toussaint, 70 F. App'x 11, 13 (2d Cir. 2002) (quoting N.Y. C.P.L.R. §§ 308(1)-(2), (4)).

Where a "[p]laintiff has not alleged or offered any evidence that would suggest that [a] [defendant's] [a]ttorney is 'authorized by appointment or by law' to accept service of process [under Fed.R.Civ.P. 4(e)(2)(C)]," the plaintiff "has not . . . satisfied his burden of proving that his attempted service of process . . . was sufficient." Nolan v. Cuomo, 2013 WL 168674, at *12 (E.D.N.Y. Jan. 16, 2013).

**III.   Analysis**

   **(1)   The Abbott House Defendants and Arista Defendants Are Not State Actors**

The Abbott House Defendants and the Arista Defendants contend that "Plaintiff's Section 1983 claims should be dismissed because the Abbott House and Arista Defendants are not state actors." Defs. Mem. at 11. Plaintiff responds that "Second Circuit precedent establishes that Abbott House is a state actor under Section 1983." Pl. Opp'n at 6. Plaintiff also responds that Arista and Abbott House were "jointly operating entities [which] worked in combination with each other." Id. at 9 (emphasis omitted).

Plaintiff's argument that Abbott House is a state actor is based upon two Second Circuit decisions from the 1970s, namely Perez and Duchesne. In each of these cases, the Second Circuit concluded that private child-care institutions, specifically New York Foundling Hospital and St. Joseph's Home for Children, were state actors. St. Vincent's, Slip Op. at 4 (internal quotation marks omitted).

In CB v. St. Vincent's Services, Inc., a March 19, 2018 decision of this Court which involved facts and arguments similar to those of the present case, the Court analyzed whether Perez and Duchesne were binding and concluded that they were not. See id. at 2-9. "The Perez and Duchesne holdings have been undermined by intervening Supreme Court decisions which render those cases unreliable." St. Vincent's, Slip Op. at

7

6 (internal quotation marks omitted). And, the Court dismissed the Section 1983 claims reasoning that

> the Defendants here are not state actors under current Supreme Court precedent. Plaintiff does not allege that Defendants were performing an activity which was historically, traditionally, and exclusively governmental. It is beyond peradventure that caring for abandoned children is a function that has traditionally been performed by private parties in New York. And, while New York certainly has a statutory scheme to regulate the care and welfare of foster children, mere state regulation of private conduct, even if extensive, is insufficient to support a finding of state action.

Id. at 8-9 (citations and internal quotation marks omitted). In reaching its conclusions in St. Vincent's that the private foster care agencies, St. Vincent's Services, Inc. and Heart Share Human Services of New York, were not state actors, the Court relied heavily upon the thorough analyses of United States District Judges Thomas McAvoy (Northern District of New York) and Edward Korman (Eastern District of New York) in Lynn ex rel. Julie B. v. St. Anne Inst., 2006 WL 516796 (N.D.N.Y. Mar. 2, 2006) (McAvoy, J.) and Phelan ex rel. Phelan v. Torres, 843 F. Supp. 2d 259 (E.D.N.Y. 2011) (Korman, J.), aff'd sub nom. Phelan ex rel. Phelan v. Mullane, 512 F. App'x 88 (2d Cir. 2013). St. Vincent's, Slip Op. at 6-8.

Abbott House is a private foster care agency which places children into foster homes and licenses foster homes. See Complaint ¶¶ 4, 32. Plaintiff does not allege that Abbott House was "performing an activity which was historically, traditionally, and exclusively governmental." St. Vincent's, Slip Op. at 8; see also 1A Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses § 5.12 (4th ed. 2018); Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (Burger, C.J.); Blum v. Yaretsky, 457 U.S. 991 (1982) (Rehnquist, J.). Because the Abbott House Defendants are not state actors, the Section

8

1983 claims against them must be dismissed. See Lynn, 2006 WL 516796, at *17. And, because Abbott House is not a state actor, Plaintiff's argument that Arista is a state actor by virtue of its relationship with Abbott House also fails. See, e.g. Blum, 457 U.S. at 1004. Accordingly, the Section 1983 claims against the Arista Defendants also must be dismissed.

### (2) The Court Will Exercise Supplemental Jurisdiction

The Court finds that it is appropriate to exercise supplemental jurisdiction over state law claims where, as here, the facts underlying the (remaining) federal and state claims substantially overlap and the federal claims necessarily bring the facts underlying the state claims before the Court. St. Vincent's, Slip Op. at 9.[4]

Here, there are common factual allegations underlying the remaining federal claims against the City Defendants and the state claims including, without limitation: Whether and when the City Defendants and the Abbott House Defendants knew of the allegations of assaultive behavior and maltreatment in the Smalls' foster home? Complaint ¶ 344. Whether, after allegedly learning of these allegations, Abbott House continued to license and annually recertify the Smalls Foster Home with the City's consent? Id. ¶ at 345. And, whether Arista informed the City in 2003 of Plaintiff's memories that "her foster parent [had allegedly] hit her?" Id. ¶ 397. Accordingly, although the Court has dismissed the Section 1983 claims against the Abbott House

---

[4] In St. Vincent's, the Court found that there were common factual allegations underlying the remaining federal and the state claims including, without limitation: "Whether, while Plaintiff was still in the foster home, the defendants learned that Plaintiff was being abused? Whether the defendants learned that [a foster parent] was 'under the influence of drugs, selling drugs, and . . . was violent with the foster care children?' and Whether and when the defendants approved and/or supported [the foster parent']s application to become Plaintiff's legal guardian?" Id. at 9 n.4 (citations omitted)

9

Defendants and the Arista Defendants, the Court will exercise supplemental jurisdiction over the state law claims against them.

### (3) The Complaint States a Claim under N.Y. Soc. Serv. Law §§ 413 et seq.

The Abbott House Defendants and the Arista Defendants argue that "in order for civil liability to attach based on a failure to report a case of suspected child abuse or maltreatment, there must be a willful failure to comply with the statutory duty" to report said abuse or maltreatment. Defs. Mem. at 24. "Plaintiff's Complaint simply alleges various forms of negligence." Id. Plaintiff counters that the "Complaint is sufficient to state a claim pursuant to New York Social Services Law[] Section 413." Pl. Opp'n at 14.

"New York's Social Services Law provides for civil liability only for the willful failure to report cases of suspected [child] abuse. . . . Negligence is simply not sufficient under the New York statute . . . ." Zimmerman ex rel. Zimmerman v. United States, 171 F. Supp. 2d 281, 294 (S.D.N.Y. 2001) (where the court dismissed the plaintiff's failure to report claim without prejudice because, in the complaint, the "plaintiff specifically denominated defendant's state of mind as negligent, not willful").

Plaintiff sufficiently, if somewhat inartfully, alleges willful and knowing violations of N.Y. Soc. Serv. Law § 413. "The Ar[]ista Defendants became aware of suspected evidence of child maltreatment that required them to exercise their duty to report," but the Arista Defendants "failed to so report." Complaint ¶ 468. While Plaintiff does not explicitly state whether this failure was "willful," the Court may (at the motion to dismiss stage) conclude that the Complaint adequately alleges willful and knowing violations by drawing all reasonable inferences in favor of Plaintiff. See Stuto v. Fleishman, 164 F.3d 820, 824 (2d Cir. 1999); see also Zimmerman, 171 F. Supp. 2d at

10

294. The Court infers that the Complaint adequately alleges that the Arista Defendants willfully failed to report to the appropriate authorities because it states "[Plaintiff] was put back in the [Smalls Foster Home]" after "she had reported assaults and maltreatment," including sexual abuse, to the Arista Defendants. Complaint ¶¶ 464-469. The Complaint further alleges that the Arista Defendants "at no time made any report for an independent investigation of child maltreatment," but instead "treat[ed] her for suffering from shame . . . of having had sexual contact." Id. ¶¶ 213, 469. Accordingly, the Court finds Plaintiff has stated a valid claim under New York Social Services Law §§ 413 et seq.

### (4) Plaintiff's Failure to Submit a Certificate of Merit Must Be Cured

The Arista Defendants argue that Plaintiff's "failure to submit a certificate of merit, or present reasons that would excuse the submission, warrants dismissal of the medical malpractice claim against the Arista Defendants." Defs. Mem. at 26. Plaintiff counters that no certificate is required but if it is, Plaintiff "seek[s] leave to amend to add the certificate." Id. at 18.

Such a certificate is required. "In any action for medical . . . malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that: (1) the attorney has reviewed the facts of the case and has consulted with at least one physician in medical malpractice actions . . . who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action . . . ." N.Y. C.P.L.R. § 3012-a(a)(1). And "[a] state statute

11

requiring a certificate of merit—such as N.Y. C.P.L.R. 3012-a(a)—is substantive law that applies in a federal diversity action." Crowhurst, 2017 WL 519262 at *3 (where a medical malpractice claim was dismissed "without prejudice").

Plaintiff acknowledges that no certificate of merit has been filed. At the same time, "the Court embraces the well accepted policy that actions should be considered on their merits, particularly when there is no showing of prejudice suffered by the movant." Torres v. City of New York, 154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001) (internal citation omitted). Accordingly, the Court grants Plaintiff leave to file the certificate of merit within thirty days of the date of this ruling.

### (5) The Complaint States a Claim Against Defendants Claude B. Meyers and Roslyn Murov

The Abbott House Defendants and the Arista Defendants argue that "plaintiff never specifies the duty either Claude B. Meyers or Dr. [Roslyn] Murov allegedly owed to the plaintiff, or how that duty was breached." Defs. Mem. at 20. Plaintiff counters that she "has ple[d] factual content that allows the court to draw the reasonable inference that the defendants Claude B. Meyers" and "Dr. Roslyn Murov . . . are each liable for the misconduct alleged." Pl. Opp'n at 10.

"The pleader is entitled to considerable latitude regarding the mode of stating a claim for relief, provided the pleading gives reasonable notice of the claims that are being asserted." Wright, Federal Practice and Procedure § 1216. Under this principle, the Complaint states a valid claim for negligence, including special duty negligence, against Defendant Meyers. Plaintiff alleges that Defendant Meyers, as the CEO of Abbott House, was "responsible for annual certifications of foster boarding homes and [for] ensur[ing] that proper background checks were annually done." Complaint ¶ 5. Plaintiff further

12

alleges that "Abbott House [completed] [their] annual recertification[s] without doing a criminal background check," id. ¶¶ 39, 386, and that a criminal background check may have revealed reason(s) not to have placed Plaintiff at the Smalls Foster Home. Id. ¶ 35. Because Meyers was responsible for ensuring that adequate background checks were performed, see id. ¶ 5, it is not unreasonable at this early stage of the litigation to conclude that the failure to discover this information is attributable to Meyers and that if a proper background check had been performed, Plaintiff would not have been placed at the Smalls Foster Home.

The Complaint also states a claim for negligence, including special duty negligence, against Defendant Murov. Plaintiff alleges that Defendant Murov is the "supervising Psychiatrist at Abbott House . . . responsible for supervising therapeutic records and reporting to Meyers and other supervisors regarding mental health care of foster children." Id. ¶ 10. According to the Complaint, Plaintiff's therapeutic records indicated that she **was** being abused in the Smalls Foster Home. Because Murov, as supervising psychologist, was at least generally responsible for the therapeutic records, she knew or should have known they contained allegations of assault, physical harm, and sexual abuse against individuals in the Smalls Foster Home. See, e.g., id. ¶¶ 189, 397, 469. Plaintiff contends, "Murov . . . failed to act to protect Plaintiff." Id. ¶ 264.

### (6) Plaintiff Must Effectuate Proper Service of Defendants Armstead and Gaskin

Defendant states that "Plaintiff's claims against Jermaine Armstead and [Vanessia] Gaskin should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process." Defs. Mem. at 27. Plaintiff counters that "Abbott House Defendant Jermaine Armstead and City Defendant Vanessia Gaskin were properly served

.... under NY CPLR 308(4) and pursuant to Fed. R. Civ. P. 4(e)(2)[(C)]." Pl. Opp'n at 18 (emphasis omitted).

A plaintiff may effectuate service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). N.Y. C.P.L.R. § 308(4) "permits 'nail and mail' service," but "only where personal delivery and 'deliver and mail' service cannot be effected on the defendant with 'due diligence.'"[5] Kopec v. GMG Const. Corp., 2011 WL 2650597, at *2 (E.D.N.Y. July 6, 2011). "The due diligence requirement of C.P.L.R. 308(4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." Sartor, 70 F. App'x at 13.

Plaintiff's declarations of service for Defendants Armstead and Gaskin state that these Defendants were served via "nail-and-mail" service. See Plaintiff's Declaration of Service to Jermaine Armstead, dated February 4, 2017 ("On February 4, 2017 at 8:40 PM defendant Jermaine Armstead, former caseworker with Abbott House, was served after diligent effort by persona[l] delivery by affixing a complete copy of the Amended Summons and Second Amended Complaint Redacted on the door at his last known personal residence. . . .") (emphasis omitted); Plaintiff's Declaration of Service to

---

[5] "Nail and mail" service refers to the following type of service: "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and [] either mailing the summons to such person at his or her last known residence or [] mailing the summons by first class mail to the person to be served at his or her actual place of business." Kopec, 2011 WL 2650597, at *2 & n.3 (ellipsis and internal quotation marks omitted).

"Deliver and mail" service refers to the following type of service: "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and [] either mailing the summons to the person to be served at his or her last known residence or [] mailing the summons by first class mail to the person to be served at his or her actual place of business." Id. at *2 & n.5 (ellipsis and internal quotation marks omitted).

14

Vanessia Gaskin, dated February 4, 2017 ("On February 4, 2017 at 10 PM Defendant Vanessia Gaskin, former caseworker with [the Administration for Children's Services], was served after diligent effort by personal delivery by affixing a complete copy of the Amended Summons and Second Amended Complaint Redacted on the door of [] her last known person[al] residence. . . .") (emphasis omitted). The Declarations are deficient in that they do not provide information about any attempt(s) to serve these Defendants through personal delivery or "delivery and mail" service. Thus, Plaintiff cannot show that she has satisfied the due diligence requirement of N.Y. C.P.L.R. §308(4).

Plaintiff's contention that Defendants Armstead and Gaskin were properly served pursuant to Fed. R. Civ. P. 4(e)(2)(C) is similarly not persuasive. "Under Fed.R.Civ.P. 4(e)(2)(C), an individual may be served by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Orix Fin Servs., Inc. v. Cline, 369 F. App'x 174, 176 (2d Cir. 2010) (brackets and internal quotation marks omitted). Plaintiff's Declaration of Service for Defendant Armstead states that "Jermaine Armstead, former employee with Abbott House, was served with a complete copy of the Amended Summons and Second Amended Complaint Redacted at the law offices for Defendant Abbot[t] House's attorneys. . . by regular mail[.]" See Plaintiff's Declaration of Service to Jermaine Armstead, dated February 4, 2017 (emphasis omitted). Plaintiff mailed a summons and the Complaint to Armstead's legal counsel. See id. However, because "Plaintiff has not alleged or offered any evidence that would suggest that [Defendant Armstead's] [a]ttorney[s] [i.e. David S. Rutherford, Esq. and Samantha Velez, Esq. were] 'authorized by appointment or by law' to accept service of process," Plaintiff "has not . . . satisfied [her] burden of proving that h[er]

15

attempted service of process . . . was sufficient." Nolan, 2013 WL 168674, at *12 (dismissing a defendant who had not been served).

As for Defendant Gaskin, Plaintiff does not show who was or should be considered to be Defendant Gaskin's agent. And, the record does not contain any indication that Defendant Gaskin authorized anyone to accept service on her behalf. Thus, Plaintiff has failed to show that she properly served Defendant Gaskin pursuant to Fed. R. Civ. P. 4(e)(2)(C).

Because Plaintiff has not satisfied her burden of proving that her attempted service of process was adequate, "the improper service will be quashed." Bender v. General Services Admin., 2006 WL 988241 at *4 (S.D.N.Y. Apr. 14, 2006). At the same time, Plaintiff will be given thirty days from the date of this ruling to effectuate proper service. Id.

16

## IV. Conclusion & Order

For the reasons stated above, the Abbott House Defendants and the Arista Defendants' motion to dismiss is granted in part and denied in part. The Section 1983 claims asserted against the Abbott House Defendants and the Arista Defendants are dismissed. The Court will exercise supplemental jurisdiction over the state law claims asserted against Defendants.

Plaintiff is directed to (1) submit a certificate of merit pursuant to N.Y. C.P.L.R. § 3012-a and (2) effectuate proper service upon Defendants Jermaine Armstead and Vanessia Gaskin, within thirty days of the date of this ruling, otherwise Plaintiff's medical malpractice claim against the Arista Defendants and all claims against Defendants Jermaine Armstead and Vanessia Gaskin will be dismissed.

A status conference is hereby scheduled for Monday, April 23, 2018 at 10:45 a.m.

Dated: New York, New York
       March 27, 2018

                                          *RMB*
                                    _____
                                    **RICHARD M. BERMAN**
                                    **U.S.D.J.**

17