UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
E.L.A.,

                Plaintiff,

   -v-

ABBOTT HOUSE, INC., *et al.*,

                Defendants.
------------------------------------------------------------X

**ORDER**

16-CV-1688 (RMB) (JLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2019

**JAMES L. COTT, United States Magistrate Judge.**

**Expert Discovery**

      By letter dated December 11, 2019 (Dkt. No. 239), Defendant Roslyn Murov, M.D., proposed that the expert discovery schedule in this case be as follows:

    Plaintiff's expert disclosure due: **March 2, 2020**

    Defendants' expert disclosure due: **April 1, 2020**

    Deposition of plaintiff's experts to be completed: **April 10, 2020**

    Deposition of defendants' experts to be completed: **April 30, 2020**

Plaintiff has now counter-proposed a schedule whereby the deadline for plaintiff's expert disclosure would be April 1, 2020 and defendants' expert disclosure would be May 1, 2020 (Dkt. No. 243). The additional time is purportedly sought in order to enable the parties to discuss settlement.

      The schedule proposed by Dr. Murov is hereby adopted by the Court. Given the age of this case, **these are firm dates and will not be extended**. The parties are free to discuss settlement at any time, but, given the delays in this case, the Court is not going to hold expert discovery in abeyance while they do so (as plaintiff proposes).

**Fact Discovery Depositions**

      During the pendency of the correspondence related to the expert discovery schedule, plaintiff submitted a letter-motion (Dkt. No. 244) seeking to compel defendants' depositions, and specifically requests that the Court order certain dates for each of these depositions. Dr. Murov has submitted a response, opposing plaintiff's application (Dkt. No. 245).

Plaintiff's letter-motion is denied without prejudice. As a threshold matter, plaintiff has failed to comply with the Court's Individual Rules of Practice concerning meet-and-confers, which require that the moving party certify that the required in-person or telephone conference took place, stating the date, time, and approximate duration of such conference; the names of the attorneys who participated in the conference; the adversary's position as to each issue being raised; and that the moving party informed the adversary during the conference that the moving party believed the parties were at an impasse. *See* Individual Rule II.B.1. Moreover, while it is true that there is no rule of priority under the Federal Rules, given the nature of this case and the delays caused by plaintiff in her discovery production, there is no good reason why plaintiff's deposition should not proceed first. Indeed, as Dr. Murov points out, plaintiff's deposition was, in fact, noticed in 2018, in advance of any notice of defendants' depositions. Accordingly, the Court hereby directs that plaintiff's deposition precede the defendants' deposition on a schedule to be worked out among counsel. As officers of the Court, counsel should not require judicial intervention to schedule depositions. Indeed, it should be a straightforward matter for all fact depositions, both party and any non-party, to be scheduled amicably among counsel. The Court expects counsel to work out a schedule for all of the fact depositions to take place on a mutually convenient time frame before the February 14, 2020 fact discovery deadline.

**RFA Extension**

Finally, the Abbott House defendants have submitted a letter-motion (Dkt. No. 241) seeking an extension of the time to respond to plaintiff's first set of requests for admissions (which constitute 78 in number) for an additional 30 days. Plaintiff has not submitted any opposition to the request, and the time to do so has passed. Accordingly, the request is granted *nunc pro tunc*. The responses to the RFAs are due by January 10, 2020.

The Clerk is respectfully directed to close Docket Number 244 and mark it as "denied without prejudice" and Docket Number 241 and mark it as "granted."

**SO ORDERED.**

Dated: New York, New York
December 18, 2019

_____
JAMES L. COTT
United States Magistrate Judge