USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
E.L.A.,

               Plaintiff,

    -v-

ABBOTT HOUSE, INC., *et al.*,

               Defendants.
---------------------------------------------------------------X

**OPINION & ORDER**

16-CV-1688 (RMB) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

On February 7, 2020, defendant Roslyn Murov, M.D., moved for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure against Plaintiff E.L.A. ("Plaintiff") for failure to comply with various discovery orders. For the reasons that follow, Murov's motion is granted in part and denied in part.

### I. BACKGROUND

During the course of discovery, Murov served a notice to produce, dated December 9, 2019, on Plaintiff, requesting two categories of documents: (1) "all reports or records from any of the codefendants on which [Murov] was copied that plaintiff claims put [Murov] on notice that plaintiff made complaints of sexual or physical abuse while living in the [foster parent's home]"; and (2) "all reports, records or writings that plaintiff claims put [Murov] on notice that the plaintiff made any complaints of sexual or physical abuse." Dkt. No. 260-1 at 1–2. On January 16, 2020, Murov followed up with Plaintiff about this request and the parties agreed that Plaintiff would respond by January 21, 2020. Dkt. No. 260-2.

However, Plaintiff failed to do so. Dkt. No. 251 at 2. On January 23, 2020, Murov submitted a letter motion requesting that the Court compel Plaintiff to provide the requested discovery, Dkt. No. 251 at 1, and the Court directed Plaintiff to respond by January 27, Dkt. No. 252. Plaintiff failed to submit a response.

Accordingly, on January 29, Murov again requested that her motion to compel be granted. Dkt. No. 253. The Court granted her motion by Order dated January 30 and directed Plaintiff's counsel "to produce any documents in his possession that are responsive to Dr. Murov's December []9, 2019 Notice to Produce, or affirmatively state that plaintiff does not have any such documents, by February 6, 2020." Dkt. No. 254. The Court also warned that failure to comply with the Order could result in sanctions. *Id.* Plaintiff's counsel failed to respond by the deadline in the Court's Order and Murov moved for sanctions, first by letter dated February 7, 2020, Dkt. No. 256, and then by formal briefing on February 12, 2020, Dkt. Nos. 259–61. The Court held a hearing on February 14, at which, *inter alia*, it directed Plaintiff to file any opposition to Murov's motion by February 21, 2020. Plaintiff's counsel thereafter filed an attorney declaration in opposition to the sanctions motion on February 21, Dkt. No. 267, and Murov filed a reply affirmation on February 24, Dkt. No. 268.

On March 3, 2020, the Court decided to hold Murov's sanctions motion in abeyance so that the record could be more fully developed with respect to Plaintiff's continued interest in prosecuting this case. Dkt. No. 274. However, as reflected in this Court's Report and Recommendation, dated September 24, 2020 (Dkt. No. 286),

2

Plaintiff has failed to advance this case since that time and therefore the motion for sanctions is now ripe for adjudication.

## II. ANALYSIS

### A. Legal Standards

"Federal Rule of Civil Procedure 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012). Under Rule 37, courts have wide discretion to sanction parties that fail to obey discovery orders or that fail to respond to a request for inspection under Rule 34. Fed. R. Civ. P. 37(b)(2)(C) & (d)(3); *see, e.g.*, *State of New York v. United States Dep't of Commerce*, No. 18-CV-2921 (JMF), 2020 WL 2564933, at *6 (S.D.N.Y. May 21, 2020). In deciding which, if any, sanctions are appropriate, courts should consider several factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Antonmarchi v. Consol. Edison Co. of New York*, 514 F. App'x 33, 35 (2d Cir. 2013) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). None of these factors is exclusive or dispositive as the Rule only requires that the court's order be "just." Fed. R. Civ. P. 37(b)(2)(C); *State of New York*, 2020 WL 2564933, at *6 ("[T]he Rule's bottom-line requirement, as its text indicates, is 'only that the district court's orders be just.'"

(quoting *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F. 3d 123, 144 (2d Cir. 2010)).

Separately, Rule 37 provides for attorney's fees and costs incurred by the moving party as a result of the other side's violation.  Fed. R. Civ. P. 37(b)(2)(C) & (d)(3).  However, unlike the other provisions of Rule 37, courts "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added).  Accordingly, "the burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party." *In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14-CV-7990 (RWS), 2018 WL 1353261, at *5 (S.D.N.Y. Mar. 15, 2018) (citing *Kizer v. Abercrombie & Fitch Co.*, No. 12-CV-5387 (JS) (AKT), 2016 WL 5338537, at *2 (E.D.N.Y. Sept. 23, 2016)).

Finally, in determining "whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the [] court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the [misconduct]." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (citing *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996)).

**B. Sanctions in the Form of Reasonable Fees and Costs Will be Imposed**

    1.   <u>The Parties' Arguments</u>

In her moving papers, Murov argues that Plaintiff's failure to respond to the December 9, 2019 Notice to Produce and her violation of the Court's January 30, 2020 order compelling Plaintiff to produce all responsive documents warrant sanctions in the form of dismissal of all claims against Murov or, alternatively, preclusion of evidence establishing that Murov "was on notice that plaintiff had complained to her therapists about having been sexually and/or physically abused." Memorandum of Law in Support of the Motion for Sanctions by Defendant Roslyn Murov, M.D., dated February 12, 2020, Dkt. No. 261 ("Def. Mem.") at 7. Murov acknowledges that she seeks severe sanctions but contends that they are appropriate in light of the factors courts consider when evaluating relief under Rule 37: (1) Plaintiff's failure to comply with the order was "undeniably willful" given the duration of her failure and the numerous opportunities Plaintiff's counsel had to respond to the document requests (*Id.* at 7); (2) lesser sanctions would not be effective as "Plaintiff's counsel has had a history of ignoring [D]efendants' discovery demands" (*Id.* at 8); (3) the duration of non-compliance was more than two months (*Id.*); and (4) Plaintiff was warned of the consequences of noncompliance (*Id.*). Murov separately contends that the Court must award reasonable attorney's fees and costs under Rule 37. *Id.* at 8–9.

In response, Plaintiff's counsel observes that he served the response to the Notice to Produce on February 21 and argues that "[t]he uncertainties of [his] client's current status and the status of [their] attorney client relationship was the

cause of the delay in not responding sooner" and, therefore, it would be "unjust to impose sanctions or attorney fees under these circumstances." Declaration of Bruce A. Young in Opposition to Defendant Murov's Motion to Dismiss, Preclude or Other Sanctions, dated February 21, 2020, Dkt. No. 267 ("Young Decl.") ¶¶ 3, 6–7.

In her reply papers, Murov counters that Plaintiff's opposition failed to address any of the relevant factors or explain "why the application of those factors should prevent this Court from imposing sanctions." Reply Declaration of Gregory J. Radomisli, dated February 24, 2020, Dkt. No. 268 ("Radomisli Decl.") ¶ 3. Moreover, Murov contends that counsel's justification for his failure to respond to the Notice to Produce "makes no sense" and fails to provide any detail about "how those circumstances prevented him from complying with [the document requests] that have been in his possession since the inception of this action." *Id.* ¶ 7.

As discussed below, the Court denies Murov's requests for dismissal and preclusion of evidence, but grants the request for reasonable attorney's fees and costs, to be paid by Plaintiff's counsel.

2. <u>Plaintiff's Violation of Court Orders and Failure to Timely Respond to Document Requests Warrant Sanctions</u>

It is undisputed that Plaintiff's counsel failed to timely disclose documents in response to Murov's Notice to Produce and then violated the January 30 Order—which ordered Plaintiff's counsel to produce documents, or otherwise respond to, Murov's Notice to Produce by February 12, 2020—by serving responsive documents more than a week later on February 21, 2020. Dkt. No. 254; Young Decl. ¶ 3. Plaintiff's counsel does not contend otherwise. These violations are particularly

6

concerning given the backdrop of his (and his client's) repeated failures to abide by their discovery obligations and to comply with the Court's other orders in this case. *See, e.g.*, Dkt. Nos. 223 (Murov's letter compiling attempts to obtain requested discovery from Plaintiff), 226 at 2 (letter noting Plaintiff's counsel's failure to produce discovery by court-imposed deadline).[1]

To satisfy her burden on a motion for sanctions involving a failure to disclose documents a party was required to produce, as here, Murov "must demonstrate: (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense." *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (internal citations omitted).  Murov has established all three requirements: Plaintiff's counsel had an obligation to timely disclose the documents at issue as Murov specifically requested those documents in her Notice to Produce (and the Court ordered their production); counsel decided not to timely produce the evidence despite agreeing to a deadline by which to respond to Murov's requests (thus necessitating a court-imposed additional deadline); and, as stated in Murov's papers, the evidence is relevant as it goes "to the heart of [P]laintiff's allegation that

---

[1] A detailed recitation of the lengthy procedural history, including Plaintiff's prior violations of court orders and failures to respond to discovery requests, is set forth in my Report and Recommendation recommending dismissal of this case for failure to prosecute, dated September 24, 2020. Dkt. No. 286.

7

Dr. Murov was or should have been aware that [P]laintiff told her therapists that she was being abused." Def. Mem. at 3–4.

Accordingly, sanctions are warranted under Rule 37.

3. <u>Sanctions in the Form of Dismissal Are Duplicative and Sanctions in the Form of Preclusion of Evidence Are Not Appropriate Under the Circumstances</u>

As noted, in determining what sanction to impose, courts consider the following four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Antonmarchi*, 514 F. App'x at 35 (quotation omitted). Murov contends these factors weigh in favor of a sanction of dismissal or, alternatively, preclusion of evidence, where, as here, Plaintiff's violations were "undeniably willful," lesser sanctions would not be effective given counsel's "history of ignoring defendants' discovery demands," the duration of non-compliance was more than two months, and the Court gave notice of the consequences of noncompliance. Def. Mem. at 7–8. Plaintiff does not rebut or otherwise address any of these factors in her opposition papers.

As to the first factor, the Court finds that counsel's failure to respond timely to his adversary's discovery request and to comply with the January 30 discovery order was willful. Plaintiff's counsel attributes his violations to the difficulties—or what he describes as "uncertainties"—with his client. Young Decl. ¶ 3. But Plaintiff's pattern of non-compliance cannot be characterized as anything other than willful. Indeed, the record reflects similar reports of counsel having "trouble with

8

his client," Dkt. No. 223, and a deterioration in Plaintiff's willingness to advance this litigation as Defendants have had to repeatedly seek the Court's assistance to obtain discovery or to receive a response from Plaintiff, *see, e.g.*, Dkt. Nos. 217 (requesting Court's assistance regarding authorization forms); 223 (same); 226–29 (same); 234 (requesting Court's assistance regarding deficient authorization forms). Given the circumstances, the Court finds that counsel's failure to respond timely to Murov's document requests was willful.

While the Court is mindful of counsel's purported difficulties in communicating with his client, counsel himself remained fully capable of at least informing Defendants and the Court as to the delays caused by his client. Instead, counsel left unanswered Murov's initial document request (December 9, 2019), Dkt. No. 260-1, and then the Court's orders (January 25, 2020 and January 30, 2020), Dkt. Nos. 252, 254, for a substantial period of time without explanation. It was not until the February 14 hearing in this case that Plaintiff's counsel provided some clarity around his delay and, even then, it took him until February 21 to finally respond to Murov's discovery requests, *see* Dkt. No. 264; Young Decl. ¶ 3.

With respect to the fourth factor, counsel was specifically warned of the consequences of failing to comply with the Court's January 30 Order addressing this discovery issue, including the same sanctions Murov seeks here. Dkt. No. 254 (failure to comply with court order may result in dismissal of plaintiff's claims against Murov).

As to Murov's request for sanctions in the form of dismissal, such relief is duplicative of what has already been recommended in my Report and Recommendation, which proposes that this entire action be dismissed with prejudice for failure to prosecute. Dkt. No. 286. The bases for that recommendation includes Plaintiff's failure to abide by the discovery obligations and orders at issue here. *Id.* at 13–14. But it also considers Plaintiff's other actions and specifically her failure to personally attend a conference to discuss her willingness to litigate this case. *Id.* at 14–15. Therefore, dismissal of this case is addressed more appropriately in my Report and Recommendation and, as such, Murov's request for this sanction is denied as moot.[2]

Murov alternatively requests that this Court preclude Plaintiff "from offering documentary evidence that Dr. Murov was on notice" of plaintiff's complaints of sexual and physical abuse, Def. Mem. at 7, which in effect would preclude Plaintiff from using the documents that were untimely produced. Courts have made clear that "harsher remedies, such as preclusion of certain evidence, while permitted

---

[2] On February 7, 2020, defendants Abbott House and its current and former employees Claude B. Meyers, Joyce Sayre-Kelly, Jermaine Armstead, Yusef Graves, and Stacy Weshifesky, and the City of New York and its current and former employees Eric Lipps, William Bell, and John Mattingly, submitted a letter motion requesting the Court compel Plaintiff's counsel to produce his client for a deposition or, alternatively, to dismiss Plaintiff's claims against them due to her failure to attend her deposition or her counsel's failure to provide alternative dates on which to depose her. Dkt. No. 258. The Court denied this application as premature given the procedural posture of the case at that time. Dkt. No. 263. To the extent that this motion is still pending before the Court and is now ripe given the current state of the proceedings, the Court denies this motion as moot for the same reasons that Murov's motion to the extent it seeks dismissal as a sanction is denied, namely the requested relief is the same as that recommended in my Report and Recommendation.

under Rule 37, 'should be imposed only in rare situations,'" such as circumstances involving willful or bad faith violations of court orders. *Gurvey v. Cowan, Liebowitz & Lathman, P.C.*, No. 06-CV-1202 (LGS) (HBP), 2014 WL 715612, at *5 (S.D.N.Y. Feb. 25, 2014) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). "Before [granting] the extreme sanction of preclusion," the Court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Koch v. Greenberg*, No. 07-CV-9600 (BSJ) (DF), 2012 WL 13063553, at *3 (S.D.N.Y. June 1, 2012) (citing *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988)), *adopted by* 2012 WL 13063624 (S.D.N.Y. Aug. 23, 2012).

While the actions taken by Murov for more than two months before receiving a response from Plaintiff's counsel are not insubstantial, *see* Ramdomisli Decl. ¶¶ 5–9, 11, the difficulties she encountered do not warrant a sanction as severe as preclusion of evidence. Nor do other circumstances in this case weigh in favor of such a sanction. At the outset, this is not a case of non-disclosure. The fact that Plaintiff produced the requested documents—albeit belatedly and 14 days after the court-ordered deadline (but before summary judgment motions or trial)—weighs against the preclusion of evidence. *See, e.g.*, *Scantibodies Lab., Inc. v. Church & Dwight Co.*, No. 14-CV-2275 (JGK) (DF), 2016 WL 11271874, at *34 (S.D.N.Y. Nov. 4, 2016) (denying request to preclude evidence produced after discovery stage but before summary judgment motions and trial), *adopted by* 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017). Moreover, the evidence that Murov wishes to preclude is

significant as it relates to her alleged liability and knowledge of the abuse allegedly suffered by Plaintiff.  *See* Def. Mem. at 2–3.  Courts have recognized that "the case-dispositive nature of the requested sanction[, as here,] and the strong judicial preference for a party's claims to be resolved on their merits, rather than through a discovery sanction," tend to weigh against preclusion of evidence.  *Scantibodies Lab., Inc.*, 2016 WL 11271874, at *34.  Finally, preclusion of evidence would exact a penalty against Plaintiff with whom at least some, but certainly not all, of the responsibility lies.  The Court instead finds that it is more appropriate to impose sanctions against her counsel personally, who had an obligation to communicate the reasons for the delay in the production of discovery both to Defendants and the Court so as not to cause more than a two-month long attempt to prompt a response from him.  *See, e.g.*, *World Wide Polymers, Inc.*, 694 F.3d at 160 (remanding for reconsideration of dismissal of case where facts before court "suggest that sanctions should be imposed on the attorney, and not bar [plaintiff] from a full presentation of its case").  In sum, preclusion of evidence is not a "just" sanction given the circumstances and, accordingly, this requested relief is also denied.

    4.    <u>Murov's Motion for Attorney's Fees and Costs is Granted</u>

Rather than dismissal or preclusion, the Court concludes that sanctions in the form of reasonable attorney's fees and costs caused by Plaintiff's failure to respond to the Notice to Produce and her violation of the January 30 Order are appropriate.  *Id.* at 8–10.  Such sanctions are considered "the mildest" when a party fails to meet its discovery obligations.  *Underdog Trucking LLC v. Verizon Services Corp.*, 273 F.R.D. 372, 379 (S.D.N.Y. 2011) (citation omitted).  Indeed, the Court

*must* grant these sanctions unless Plaintiff's counsel establishes that his "failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Silva v. Cofresi*, No. 13-CV-3200 (CM) (JCF), 2014 WL 3809095, at *5 (S.D.N.Y. Aug. 1, 2014) ("This cost-shifting is mandatory [under Rule 37(b)(2)(C)] 'unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" (citing Fed. R. Civ. P. 37(b)(2)(C)). He has demonstrated neither. In his declaration in opposition to the sanctions motion, Plaintiff's counsel simply asserts that it would be "unjust to impose sanctions or attorney fees" given his client's circumstances, but fails to provide the Court with any further detail or basis for this conclusory statement. Young Decl. ¶ 7. Nor does Plaintiff make any attempt to establish that her violations were "substantially justified." Indeed, there is no reason to think—and Plaintiff's counsel provides none—that he did not have in his possession the very documents he ultimately produced throughout the period of delinquency.

Given the circumstances, a monetary sanction against Plaintiff's counsel for reasonable attorney's fees and costs in connection with Murov's efforts to obtain the requested discovery after serving the Notice to Produce is warranted. *See, e.g.*, *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 292 (S.D.N.Y. 2009) ("Monetary sanctions are appropriate 'to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.'" (citing *In re WRT Energy Securities Litigation*, 246 F.R.D. 185, 201 (S.D.N.Y.2007)); *Yeboah v. United States*, No. 99-CV-4923 (JFK) (THK),

13

2000 WL 1576886, at *4 (S.D.N.Y. Oct. 20, 2000) (monetary sanctions imposed against counsel personally because "his own conduct, including misrepresentations and repeated dishonored commitments, wasted the time and resources of the Government and the Court"). These "monetary sanctions are appropriate both to deter [her counsel] from similar conduct in the future and to compensate [Murov] for the expenses [she] incurred to obtain the discovery to which [she was] entitled." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 124 (S.D.N.Y. 2018).

In imposing this lesser sanction, the Court does not mean to downplay Plaintiff's and her counsel's dilatory conduct in this case. Indeed, the seriousness of their failure to advance this case, including timely responding to discovery requests and the Court's orders, is reflected in my Report and Recommendation that I have issued today proposing dismissal of this action in its entirety.

### III.   CONCLUSION

As set forth above, Murov's motion for sanctions is granted in part and denied in part. Within 30 days of the date of this Opinion and Order, Plaintiff's counsel shall reimburse Murov for reasonable attorney's fees and costs incurred in connection with Murov's efforts to obtain the documents requested in the Notice to Produce on December 9, 2019. If Plaintiff's counsel disputes the reasonableness of the attorney's fees and costs, Murov should submit a fee application to the Court within 14 days thereafter (supported by contemporaneous time records, affidavits, and other materials).

The Clerk of Court is directed to close docket entries 258 and 259, marking docket entry 258 as denied and docket entry 259 as granted in part and denied in part.

**SO ORDERED.**

Dated: September 24, 2020
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge