```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
E.L.A.,                                          :
                                                 :
                    Plaintiff,                   :
                                                 :    16 Cv. 1688 (RMB) (JLC)
         - against -                             :
                                                 :    ORDER
ABBOTT HOUSE, INC., et al.,                      :
                                                 :
                    Defendants.                  :
------------------------------------------------------------x
```

## I. Background

The substantive and procedural background of this case is largely set forth in the thoughtful and comprehensive Report and Recommendation of Magistrate Judge James L. Cott, dated September 24, 2020 (the "R&R"). Judge Cott recommended "that this case be dismissed with prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure." E.L.A. v. Abbott House, Inc., 2020 WL 5755015, at *1 (S.D.N.Y. Sept. 24, 2020). Judge Cott also instructed the parties to file any written objections within fourteen (14) days of the date of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Id. at *8. **To date, no party has filed objections to the R&R**.

At a conference on May 3, 2021, the Court stated that it would entertain a final effort for counsel to locate Plaintiff E.L.A. on consent of all parties. See May 3, 2021 Minute Entry. Accordingly, on July 26, 2021, Mr. Young informed the Court that, among other things, he had mailed letters to new addresses found for Plaintiff, as well as to the previous addresses for Plaintiff, urging her to contact him about the case. July 26, 2021 Ltr. at 2 [Dkt. No. 296]; see also June 24, 2021 Minute Entry ("Plaintiff's counsel is directed to attempt to contact plaintiff at new addresses and/or email provided by 6/29/21. Plaintiff's counsel to advise Plaintiff to advise counsel if Plaintiff wishes to continue with case by 7/23/21. Plaintiff's counsel to thereafter notify Court on or by 7/26/21.").

1

On June 29, 2021, Mr. Young appears to have received a text message from Plaintiff which stated: "Good morning! It's Elsie Medina. My brother told me you've been looking for me. I've been in Jersey since last year since my mom passed, but I'm back in New York now at the 870 address. Hope to hear from you soon." July 26, 2021 Ltr. at 1. Mr. Young states that in response to E.L.A.'s message, he "sent text messages to that number, communicating to ELA by text on July 1, 2021, July 8, 2021, July 19, 2021, July 20, 2021, July 23, 2021 and again [on] July 26, 2021" and "also telephoned on numerous days including on July 15, 2021, July 19, 2021, July 22, 2021, July 26, 2021." Id. Mr. Young "had follow up communications with ELA's brother on July 25 urging him again to have ELA contact [Mr. Young]," but both Mr. Young and E.L.A.'s brother "heard nothing." Id. at 2. In addition to Mr. Young's calls and text messages, Mr. Young "sent follow-up letters [to E.L.A.'s 870 address] on June 29, 2021, providing the client with the text docket minute entry for June 24, 2021," and "a follow up letter on July 22, 2021 that was marked delivered on July 23, 2021." Id. Despite Mr. Young's attempts, Plaintiff has not responded again, and Mr. Young states that he is "troubled and perhaps baffled" that his client is "so unresponsive." Id.

For the reasons set forth herein, the Court adopts the R&R and the case is dismissed with prejudice.

## II. Legal Standard

The Court may adopt those portions of a magistrate judge's report and recommendation to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Analysis

The facts as set forth in the R&R are incorporated herein by reference. Having conducted a review of the R&R and applicable legal authorities, the Court finds that the R&R is not clearly erroneous and is in conformity with the law. As Judge Cott stated, a court considering dismissal under Rule 41(b) weighs several factors: "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was

on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996)).

Judge Cott found, among other things, that: **(1)** "Plaintiff has failed to comply with numerous court orders and has repeatedly engaged in dilatory behavior during the discovery phase of this case," starting on or about November 2018; **(2)** "Plaintiff received multiple notices between January and June 2020 that failure to comply with the Court's orders could result in dismissal of her case," including, without limitation, orders dated March 3, 2020, and June 10, 2020, which were served on Plaintiff (see Dkt. Nos. 276, 282) and which informed her that her failure to appear before the Court could result in dismissal of the lawsuit for failure to prosecute; **(3)** "further delay of the proceedings would prejudice Defendants"; **(4)** "the Court's interest in managing its docket outweighs Plaintiff's interest, if any, in being heard" and supports dismissal; and **(5)** "dismissal with prejudice is an appropriate remedy in these circumstances." E.L.A., 2020 WL 5755015 at *6–8.

The Court and the parties have gone to great lengths to encourage Plaintiff's participation, including **(i)** the recent attempt by the Court to help counsel locate her, see June 24, 2021 Minute Entry, and **(ii)** Mr. Young's messages, calls, and letters to Plaintiff in June and July 2021 "urging her to contact [him] so [he] could advise the court." July 26, 2021 Ltr. at 1–2. Plaintiff has not responded or expressed interest in continuing to prosecute this case.

The Court adopts the R&R in full and finds that the Baptiste factors set forth above weigh in favor of dismissal with prejudice.

**IV.     Conclusion & Order**

For the reasons set forth in the R&R [Dkt. No. 286] and herein, this case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is respectfully directed to close this case.

Dated: New York, New York
July 29, 2021

*Richard M. Berman*
_____
**RICHARD M. BERMAN**
**U.S.D.J.**